IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY MOSLEY and CORA MOSLEY, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:14-cv-04360-L |
| CHASE BANK USA, N.A. | § | |
| D/B/A CHASE, | § | |
|     Defendant. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE SAM A. LINDSAY, UNITED STATES DISTRICT JUDGE:

Counsel for Billy Mosley and Cora Mosley (together, the "Plaintiffs") and counsel for Chase Bank USA, N.A. (the "Defendant") held a conference on January 20, 2015 as required by the Order Requiring Attorney Conference and Status Report (Dkt. No. 7) and now submit this Joint Status Report as follows:

**1.     A brief statement of the nature of the case, including the contentions of the parties.**

The Plaintiffs were the borrowers on an unsecured loan. The Plaintiffs received a chapter 13 bankruptcy discharge on September 6, 2011. The Plaintiffs allege that the Defendant engaged in collection efforts against them after the bankruptcy discharge by sending letters and making credit inquiries on their credit reports representing to Plaintiffs that this was a secured by real estate. Plaintiffs had previously sued an affiliate of the Defendant for attempting to collect on this debt after the Plaintiffs' debt was discharged. That case was settled amicably. Plaintiffs allege that since that settlement, Defendant has engaged in collection efforts to collect the discharged debt. They assert causes of action for violations of the Fair Credit Reporting Act, violations of the Texas Debt Collection Act, common law invasion of privacy, and violations of the chapter 7 bankruptcy discharge injunction. They seek to recover actual, statutory, and punitive damages and attorneys' fees and expenses.

**JOINT STATUS REPORT**                                                                                          Page 1

The Defendant denies engaging in any collection efforts against the Plaintiffs after the bankruptcy discharge, denies that the Plaintiffs suffered damages from the conduct alleged, and asserts several affirmative defenses to their causes of action.  The Defendant is continuing to investigate the Plaintiffs' claims.

**2.     Any challenge to jurisdiction or venue.**

None.

**3.     Any pending or contemplated motions and proposed time limits for filing motions.**

None pending or contemplated at this time.  The parties do not propose any changes to the time limits established by the Local Rules.

**4.     Any matters which require a conference with the court.**

None at this time.

**5.     Likelihood that other parties will be joined.**

None at this time.

**6.     (a) An estimate of the time needed for discovery, with reasons, (b) specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery.  If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

a.     The parties propose that discovery be completed by <u>November 20, 2015</u> to give them time to fully explore an early settlement before incurring significant fees and expenses for discovery and then leave adequate time to conduct written discovery, oral depositions, and expert discovery if an early settlement cannot be reached.

b.     The Plaintiffs contemplate serving written discovery requests followed by depositions of one or more corporate representatives of the Defendant and depositions of all testifying experts designated by the Defendant.  Plaintiffs also will conduct third party discovery on Experian and the current owner of the note. The Defendant contemplates

serving written discovery requests on the Plaintiffs followed by deposition of the Plaintiffs and depositions of any experts designated by the Plaintiffs.

    c.    The parties propose that no changes be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's local rules and that no other limitations should be imposed.

**7.**    **A statement that counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Each of the undersigned attorneys represents that he has read the <u>Dondi</u> decision and has read and is familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

**8.**    **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

The parties propose a trial date anytime available on the Court's calendar in <u>March 2016</u> and estimate that trial will take two to three days. The Plaintiffs have demanded a jury.

**9.**    **Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Irma Carrillo Ramirez per 28 U.S.C. § 636(c). The parties are to simply state that they consent or do not consent to trial before the magistrate judge. The court does not wish to know the identity of the party refusing to consent.** *See* **Fed. R. Civ. P. 73(b).**

The parties will not consent to trial before a United States Magistrate Judge.

**10.**    **Prospects for settlement, and status of any settlement negotiations.**

There is a good prospect of settlement in this case. The undersigned counsel have discussed the factual and legal issues extensively. The Plaintiffs made a settlement proposal. The Defendant is evaluating that proposal and expects to respond in the near future.

**11.**    **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

**<u>JOINT STATUS REPORT</u>**                                                **Page 3**

In light of the ongoing settlement negotiations, the parties do not believe that mediation is advisable at this time. All parties are represented by experienced counsel. There has been, and continues to be, open and amicable dialog between counsel concerning all aspects of this case. The parties do not believe that mediation would facilitate or enhance the chances of settlement at this time.

**12.    Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

_/s/ James J. Manchee_
JAMES J. MANCHEE
Texas Bar No. 00796988
MANCHEE & MANCHEE, LLP
12221 Merit Drive, Suite 950
Dallas, Texas  75251
(972) 960-2240 Telephone
(972) 233-0713 Facsimile
ATTORNEYS FOR THE PLAINTIFFS

and

QUILLING, SELANDER, LOWNDS
    WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201-4240
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:   _/s/ Kenneth A. Hill_
      Wm. Lance Lewis
      State Bar No. 12314560
      Kenneth A. Hill
      State Bar No. 09646950
ATTORNEYS FOR THE DEFENDANT

4840-4380-9825, v.  3